**NOT FOR PUBLICATION**                                                    (Doc. No. 9)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| NADUVATHUSERY JOSEPH, Individually and on behalf of himself and those similarly situated, | : : : : : | |
| Plaintiff, | : : | Civil No. 10-6293 (RBK/AMD) |
| v. | : : | **OPINION** |
| CAESAR'S ENTERTAINMENT CORP. and HARRAH'S OPERATING COMPANY INC., | : : : : : | |
| Defendants. | : : : | |

**KUGLER**, United States District Judge:

This matter arises out of allegedly unlawful employment compensation practices at a

casino in Atlantic City, New Jersey.  Presently before the Court is the motion by Defendants

Ceasar's Entertainment Corporation and Harrah's Operating Company Inc. (collectively

"Caesar's") to:  (1) dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);

or to (2) strike the class action allegations in the Complaint under Rule 12(f).  Plaintiff

Naduvathusery Joseph alleges that Defendants violated the Fair Labor Standards Act ("FLSA"),

the New Jersey Wage Payment Law ("NJWPL"), and the New Jersey Wage and Hour Law

("NJWHL") by failing to compensate him and others similarly situated for overtime hours.

Defendants argue that because Plaintiff's FLSA claim is "inherently incompatible" with Rule 23

class certification of Plaintiff's state law claims, the Court should dismiss the matter under Rule

12(b)(6), or in the alternative, decline to exercise supplemental jurisdiction over the matter

pursuant to 28 U.S.C. § 1367(c).  For the reasons expressed below, Defendants' motion to dismiss is **GRANTED**.

## I.       BACKGROUND

### A.  Factual Background

Plaintiff is employed by Caesar's as a table games supervisor in Atlantic City, New Jersey.  Ceasar's compensates table games supervisors with a per-diem salary based upon an eight-hour workday.  During the weeks Plaintiff does not perform forty hours of work, he receives a prorated amount of compensation.  Because Caesar's adjusts Plaintiff's compensation based upon a forty-hour workweek, Plaintiff alleges that he, and others similarly situated are "de facto hourly employees for Defendants."  (Compl. ¶ 21).

Plaintiff claims that Caesar's regularly requires table games supervisors to work more than forty hours in one workweek, but refuses to compensate its employees for the hours they work in excess of forty hours.  Specifically, Plaintiff alleges that "Defendants intentionally failed to pay and did not pay Plaintiff and those similarly situated overtime wages for time worked in excess of 40 hours in a workweek."  (Id. ¶ 35).  As a result of Caesar's' refusal to compensate him for overtime hours, Plaintiff claims that "he has been denied overtime wages in violation of the FLSA and the New Jersey Wage and Hour Law."  (Id. ¶ 35).

### B.  Procedural Background

On December 6, 2010, Plaintiff filed the Complaint in this Court.  The Complaint asserts two causes of action.  First, Plaintiff asserts a claim on behalf of himself and all others similarly situated pursuant to the "opt-in" provision in the FLSA, 29 U.S.C. § 216(b).[1]  That claim alleges:

---

[1] A plaintiff who seeks to join an FLSA collective action must "opt-in" by filing a consent in writing with the presiding court.  See 29 U.S.C. § 216(b) ("No party shall be a party plaintiff to any [collective] action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  By contrast, "a putative class member of a Rule 23(b)(3) class action is assumed part of the class unless

"Defendants' violations of the FLSA include, but are not limited to:  not paying Plaintiff and the members of the class overtime compensation for the hours which they worked in excess of 40 per workweek."  (Compl. ¶ 58).  Plaintiff alleges a collective action group consisting of:  "all current and former table games supervisors who are currently employed by Defendants or who have been employed by Defendants at any time within the last three years . . . ."  (Id. ¶ 39).  As a result of Defendants' allegedly unlawful conduct, Plaintiff claims that "members of the [§ 216(b)] class have suffered damages, including but not limited to past lost earnings."  (Id. ¶ 62).  Second, Plaintiff brings a class action claim under the NJWHL and the NJWPL pursuant to Federal Rule of Civil Procedure 23.  Plaintiff's state law claims contain the same allegations as Plaintiff's FLSA claim.  Specifically, Plaintiff asserts a Rule 23 class consisting of:  "all present and former employees of Defendants who worked for Defendants as table games supervisors within the last three years."  (Id. ¶ 46).  Moreover, Plaintiff alleges that as a result of Defendants' unlawful conduct, "Plaintiff and the members of the class have suffered damages, including but not limited to past lost earnings."  (Id. ¶ 62).

On May 9, 2011, Defendants moved to dismiss Plaintiff's Rule 23 allegations pursuant to Rule 12(b)(6), or to strike Plaintiff's Rule 23 allegations pursuant to Rule 12(f).  Defendants argue that the Court should dismiss Plaintiff's state class action claims because:  (1) Rule 23's "opt-out" requirement is inherently incompatible with § 216(b)'s "opt-in" requirement for collective action; (2) even if the Court finds that Rule 23's requirements are not inherently incompatible with § 216(b)'s "opt-in" regime the Court should decline to exercise supplemental jurisdiction over Plaintiff's state statutory claims; and (3) Plaintiff cannot satisfy Rule 23(a) because he cannot prove that joinder is impracticable.  Plaintiff argues that:  (1) "inherent

he requests exclusion from, or affirmatively opts out of, the class."  See Woodard v. FedEx Freight East, Inc., 250 F.R.D. 178, 185 (W.D. Pa. 2008) (citing Fed. R. Civ. P. 23(c)(2)(B)(v)).

3

incompatibility" is not a basis for dismissing a state class-action claim under Rule 12(b)(6); (2) the Court should not dismiss Plaintiff's Rule 23 class before allowing the parties to complete class discovery; and (3) the Court should exercise supplemental jurisdiction over Plaintiff's state law claims because they do not raise novel or complex issues of state law, they do not predominate over Plaintiff's federal claims, and there are no other compelling reasons for declining supplemental jurisdiction.  The parties submitted their respective briefs and the motion is ripe for review.

## II.    STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two-part analysis.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11.  First, the court must separate factual allegations from legal conclusions.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 1950.  Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common

sense."  Id.  A complaint cannot survive where a court can only infer that a claim is merely

possible rather than plausible.  See id.

## III.   DISCUSSION[2]

### A.  Supplemental Jurisdiction Over Plaintiff's State Class Action

Defendant seeks dismissal of Plaintiff's state class-action claims pursuant to the Court's

discretionary authority under 28 U.S.C. § 1367(c).  Specifically, Defendant argues that "[b]y

advancing [parallel state law claims], Plaintiff is attempting to circumvent the FLSA's opt-in

requirement, forcing Defendant to defend an overtime action brought in federal court by

plaintiffs who may have no real interest in the suit's outcome."  (Defs.' Br. at 16).  Plaintiff

argues that the Court should exercise supplemental jurisdiction over his state class action

because this action does not meet any of the requirements listed under § 1367(c)(1) – (4), and the

Court should postpone its supplemental jurisdiction analysis until after class discovery is

complete.

In light of the Third Circuit's decision in De Asencio v. Tyson Foods, Inc., 342 F.3d 301

(3d Cir. 2003), a district court must analyze whether a plaintiff may bring an FLSA collective

action and a state law class action simultaneously in federal court "through the lens of

supplemental jurisdiction."  Woodard v. FedEx Freight East, Inc., 250 F.R.D. 178, 182 (W.D. Pa.

---

[2] As a threshold matter, the parties dispute whether a federal court may dismiss a Rule 23 state class action under Rule 12(b)(6) purely on the grounds of "inherent incompatibility."  Defendants argue that a plaintiff cannot simultaneously pursue an FLSA collective action and a Rule 23 opt-out class action because the two mechanisms for bringing large-scale lawsuits are "inherently incompatible."  In support of that argument, Defendants point to 29 U.S.C. § 216(b), which creates an "opt-in" scheme whereby plaintiffs must "opt-in" to a collective action by giving their consent in writing to become a party to an FLSA action.  Furthermore, Defendants observe that in a Rule 23 class action, all persons who meet the class definition are members of the putative class unless they individually object to the class, or "opt-out" of the class.  Because those mechanisms are incompatible, Defendants argue, Plaintiff cannot simultaneously bring a state class action under Rule 23(b) and a collective action under § 216(b).

In response, Plaintiff argues that inherent incompatibility is not a basis for dismissal under Rule 12(b)(6), and contends that "the decision to permit an opt-in collective action to proceed alongside an opt-out class action must be decided through a case-specific supplemental jurisdiction analysis."  (Pl.'s Br. at 3).

Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state class-action claims pursuant to § 1367(c)(4), the Court need not determine whether it may dismiss Plaintiff's state class action pursuant to Rule 12(b)(6) based solely on a theory of "inherent incompatibility."

2008).  Pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), when a federal

district court has jurisdiction over a plaintiff's federal claims, the court <u>may</u> also exercise

supplemental jurisdiction over state law claims "that are so related to claims in the action within

[the court's] original jurisdiction that they form part of the same case or controversy."  28 U.S.C.

§1367(a).  As the Third Circuit explained in <u>De Asencio</u>, "a district court may exercise

supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact[s]'

with the claims that supported the district court's original jurisdiction."  342 F.3d at 308 (quoting

<u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966)).  "Where 'the same acts

violate parallel federal and state laws, the common nucleus of operative facts is obvious.'"  <u>Id.</u>

(quoting <u>Lyon v. Whisman</u>, 45 F.3d 758, 761 (3d Cir. 1995)).

In this case, the Court <u>may</u> exercise jurisdiction over both Plaintiff's FLSA claim and

Plaintiff's state law claims pursuant to § 1367(a).  Plaintiff's FLSA claim alleges that Defendants

failed to pay him and other similarly situated employees for hours they worked in excess of forty

hours per week and eight hours per day.  Plaintiff's NJWPL and NJWHL claims make identical

allegations.  In fact, Plaintiff adopts wholesale all of the allegations in his FLSA claim into his

state wage and hour claims.[3]  Specifically, Plaintiff's FLSA claim alleges "Defendants'

violations of the FLSA include, but are not limited to:  not paying Plaintiff and the members of

the class overtime compensation for the hours which they worked in excess of 40 per

---

[3] With regard to his NJWHL and NJWPL claims, Plaintiff alleges:

> The foregoing paragraphs are incorporated herein as if set forth in full.
>
> Defendants' aforementioned conduct is in violation of the New Jersey Wage and
> Hour Law and New Jersey Wage Payment Law.
>
> As a direct and proximate cause of Defendants' actions, Plaintiff and the
> members of the class have suffered damages, including but not limited to past
> lost earnings.

(<u>Id.</u> ¶¶ 60-62).

workweek."  (Compl. ¶ 58).

Because Plaintiff's allegation that Defendants failed to pay him overtime compensation gives rise to both a claim under the FLSA and the applicable New Jersey statutes, the Court may exercise jurisdiction over Plaintiff's state law claims pursuant to § 1367(a).  See Woodard, 250 F.R.D. at 183 (finding that district court could exercise supplemental jurisdiction over plaintiff's claims under the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law when defendant's conduct also violated FLSA because claims arose from "common nucleus of operative facts") (citing Lyon, 45 F.3d at 761).

**B. Whether the Court Should Exercise Supplemental Jurisdiction Over Plaintiff's State Class Action?**

Even though 28 U.S.C. § 1367(a) grants a court the statutory authority to exercise supplemental jurisdiction over a plaintiff's pendent state law claims, a court "may decline to exercise supplemental jurisdiction over a claim . . . if – in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4) (emphasis added).  As the following analysis demonstrates, this case presents an "exceptional circumstance[]," and therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**1.  The FLSA's Opt-In Provision**

In 1938, Congress enacted the Fair Labor Standards Act to eliminate "conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  Pursuant to the FLSA, employers must (1) pay their employees a minimum hourly salary, 29 U.S.C. § 206; and (2) pay their employees one and one-half times the employee's regular pay rate for hours worked in excess of forty hours in one workweek, 29 U.S.C. § 207.  Under the FLSA, employers who fail

to pay the required compensation are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

After Congress enacted the FLSA, and the Supreme Court broadly expanded the scope of the FLSA, "the federal courts were deluged by a flood of lawsuits resulting in 'wholly unexpected liabilities, immense in amount and retroactive in operation, upon employers' that if unrestrained, 'would bring about [the] financial ruin of many employers.'" Woodward, 250 F.R.D. at 185 (quoting 29 U.S.C. § 251(a)(1)); see De Asencio, 342 F.3d at 306 (noting that "[b]etween July 1, 1946 and January 31, 1947, employees around the country filed 1,913 such actions under the FLSA").

As a result of this massive influx of litigation, Congress sought "to define and limit the jurisdiction of the courts," 29 U.S.C. § 251(b)(3), by enacting the Portal-to-Portal Act of 1947 ("PPA"), ch. 52, 61 Stat. 84 (codified as amended at 29 U.S.C. §§ 251-262 and amending 29 U.S.C. § 216(b)). The Supreme Court stated that the purpose of the PPA was to: (1) "limit[] private FLSA plaintiffs to employees who asserted claims in their own right," and (2) "free[] employers of the burden of representative actions." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989). The PPA effectuated those objectives by amending § 216(b) of the FLSA. Critically, the PPA used the following language to create the opt-in regime at issue in this dispute: "No employee shall be a party plaintiff to any such [FLSA collective action] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). In other words, the PPA furthered Congress's goal to "define and limit the jurisdiction of the courts," by limiting collective actions

8

under the FLSA to employees who expressly consented to joining the lawsuit.[4]  29 U.S.C.

§251(b)(3).

### 2.   Rule 23 Class Actions

In sharp contrast to the PPA, Rule 23 expressly creates a mechanism by which a plaintiff

may assert a claim on behalf of an "opt-out" class.  Rule 23(a) states, in relevant part:  "One or

more members of a class may sue or be sued as representative parties on behalf of all members,"

if the party satisfies the other requirements of Rule 23.  Unlike the FLSA, which requires

members to expressly "opt-in" to a class, a party is assumed to be a member of the putative class

unless he or she "opts-out" of a Rule 23 class.  See Woodard, 250 F.R.D. at 185 ("[A] putative

class member of a Rule 23(b)(3) class action is assumed part of the class unless he requests

exclusion from, or affirmatively opts out of, the class.") (citing Fed. R. Civ. P. 23(c)(2)(B)(v)).

Moreover, "putative class members who do not opt out of the class [are] bound by the

judgment."  Id. at 186 (citing Fed. R. Civ. P. 23(c)(2)(B)(vii), 23(c)(3)(B)).  The result of Rule

23's "opt-out" requirement is that "[u]nder most circumstances, [an] opt-out class will be greater

in number, perhaps even exponentially greater," than an opt-in class under the FLSA.  De

Asencio, 342 F.3d at 310.

Here, the Court finds that because exercising supplemental jurisdiction over Plaintiff's

NJWPL and NJWHL class action claims will undermine the policy underlying the FLSA, the

Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367(c)(4).  As previously mentioned, both Plaintiff's state statutory claims and

Plaintiff's FLSA claim are predicated upon the allegation that Defendants failed to pay Plaintiff

---

[4] Moreover, as the Third Circuit noted in De Asencio, "[b]ecause the Portal-to-Portal Act amendment changed participation in an FLSA class from 'opt-out' to 'opt-in,' FLSA plaintiffs could not certify a class under Fed. R. Civ. P. 23, even though federal subject matter jurisdiction obtained."  342 F.3d at 306.  Thus, the PPA effectively stripped the only means by which a plaintiff could certify an "opt-out" class action for an alleged violation of the FLSA by alleging federal-question jurisdiction.

overtime compensation.  Plaintiff's state law claims are virtually identical to Plaintiff's FLSA

claim.  The only meaningful difference is that Plaintiff can bring the NJWPL and NJWHL claims

by using the opt-out device created by Rule 23, whereas Plaintiff cannot bring an FLSA claim

using the Rule 23 class action device because the FLSA expressly precludes Plaintiff from

exercising that option with its opt-in requirement.  That distinction is critical because Congress

enacted the PPA to limit the scope of collective action under the FLSA to plaintiffs who

expressly "opt-in" under the framework created by § 216(b).  Thus, to allow Plaintiff to

circumvent the FLSA's opt-in requirement by bringing an identical action under Rule 23's opt-

out regime would undermine the "crucial policy decision" Congress made to limit the scope of

an FLSA collective action.  See Barnello v. AGC Chems. Ams., Inc., No. 08-3505, 2009 WL

234142, at *5 (D.N.J. Jan. 29, 2009) (observing that allowing party to bring opt-out class action

under state law for conduct giving rise to an identical FLSA claim "would defeat a 'crucial

policy decision' of the FLSA, namely Congress's intent to avoid opt-out collective actions in

favor of the opt-in requirement"); Woodard, 250 F.R.D. at 188 (finding that "[Congress's

objectives] will be defeated if plaintiffs can obtain federal jurisdiction with an FLSA claim and

then sidestep § 216(b)'s opt-in requirement by asserting an opt-out class claim under parallel

state law that lacks an opt-in requirement"); Moeck v. Gray Supply Corp., No. 03-1950, 2006

WL 42368, *5 (D.N.J. Jan. 6, 2008) ("Allowing Plaintiff . . . to circumvent the opt-in

requirement and bring unnamed parties into federal court by calling upon state statutes similar to

the FLSA would undermine Congress's intent to limit these types of claims to collective

actions."); Evancho v. Sanofi-Aventis U.S. Inc., No. 07-2266, 2007 WL 4546100, at *5 (D.N.J.

Dec. 19, 2007) (stating that plaintiffs "are not permitted to 'circumvent the opt-in requirement

and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA',

as this would 'undermine Congress's intent to limit these types of claims to collective

actions.'"); Hyman v. WM Fin. Servs., Inc., No. 06-4038, 2007 WL 1657392, *6 (D.N.J. June 7,

2007) (declining supplemental jurisdiction over plaintiff's state class action claims under 28

U.S.C. § 1367(c)(4) because "forcing [defendant] to defend an overtime action brought in federal

court by plaintiffs who may have no real interest in the outcome of the suit . . . would defeat

Congress's intent in drafting the FLSA's opt-in requirement."); McClain v. Leona's Pizzeria,

Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004) ("We find that allowing [plaintiff] to use supplemental

state-law claims to certify an opt-out class in federal court would undermine Congress's intent to

limit these types of claims to collective actions.").  In enacting the PPA, Congress made clear its

intent to "define and limit the jurisdiction of the courts."  29 U.S.C. §251(b)(3).  By exercising

supplemental jurisdiction over Plaintiff's identical state statutory claims, the Court would

undermine Congress's clear intent to reduce the scope of FLSA collective action lawsuits.

Moreover, the Court is convinced that undermining a Congressional policy is a "compelling

reason" to decline supplemental jurisdiction over a state law cause of action.  Accordingly, the

Court will dismiss Plaintiff's NJWPL and NJWHL claims.

Plaintiff argues that the Court should deny Defendants' motion to dismiss under §

1367(c)(4).  To support that argument, Plaintiff relies heavily on the Third Circuit's decision in

De Asencio.  In De Asencio, a group of hourly employees at the defendant's chicken-processing

plants brought a lawsuit against the defendant alleging violations of the FLSA as well as the

Pennsylvania Wage Payment & Collection Law ("WPCL"), 43 P.S. §§ 260.1-260.45, on behalf

of themselves and other similarly situated employees.  342 F.3d at 304.  Shortly after filing the

lawsuit, the plaintiffs sought collective treatment of their FLSA suit under 29 U.S.C. § 216(b).

At that time, the plaintiffs did not seek class certification for their state law WPCL claims.  Id.

11

After the plaintiffs mailed notice of their FLSA collective action to 3,400 prospective class

members, only 502 employees "opted-in" by filing a written consent form.  Id. at 304-05.  The

class consisted of 504 members when the district court closed the class period.  Id. at 305.  Seven

months after the district court closed the class period, and two months after the court closed

discovery, the plaintiffs filed a motion to certify a WPCL class action under Rule 23.  Id. at 305.

Seven months later, the district court certified a Rule 23(b)(3) class of 4,100 persons over the

defendant's objections.  Id.  The defendant appealed, arguing that the plaintiff's "obtained

federal jurisdiction, then used their supplemental state-law WPCL action and Fed. R. Civ. P. 23's

opt-out provisions as an end run around the Portal-to-Portal Act's clear congressional mandate in

favor of collective opt-in actions."  Id. at 307.

In addressing the defendant's appeal, the Third Circuit framed the issue as whether the

district court abused its discretion by exercising supplemental jurisdiction over the plaintiff's

state class action under 28 U.S.C. § 1367(c).  Id. at 308.  After analyzing § 1367(c)(2), the Third

Circuit determined that the district court abused its discretion by exercising supplemental

jurisdiction over the plaintiff's state class action even though issues of state law predominated

over the plaintiff's FLSA claim.  In support of that holding, the Third Circuit found that the case

raised novel issues under Pennsylvania law that predominated the federal issues.  Specifically,

the Court noted that the question of "whether an implied contract may give rise to a claim under

the WPCL has never been addressed by the Pennsylvania state courts and [would] require

additional testimony and proof beyond that required for the FLSA action."  Id. at 309-10.  The

Court also highlighted "Congress's express preference for opt-in actions for the [plaintiff's

FLSA claim]," and noted that "in mandating the opt-in class or an opt-out class," Congress made

a "crucial policy decision . . . and selected an opt-in class for FLSA actions."  Id. at 310

12

(emphasis added).  Finally, the Court emphasized the size of the state class in comparison to the

FLSA class.  The Court noted that "[i]n terms of the number of plaintiffs, the sheer difference in

numbers between the two prospective classes, 447 as opposed to 4,100, may constitute

substantial predomination by the state WPCL action under section 1367."  Id.  After considering

those factors, the Court concluded that "the inordinate size of the state-law class, the different

terms of proof required by the implied contract state-law claim, and the general federal interest in

opt-in wage actions suggest the federal action is an appendage to the more comprehensive state

action."  Id. (emphasis added).  Moreover, although the Court centered its analysis on subsection

§ 1367(c)(2), in footnote 12, the Court stated:  "We do not reach [§ 1367(c)(4)], although it may

be relevant.  Congress provided that a District Court may decline to exercise supplemental

jurisdiction where 'in exceptional circumstances, there are other compelling reasons for

declining jurisdiction.'"  Id. at 309 n.12.

        Citing De Asencio, Plaintiff argues that the Court should exercise supplemental

jurisdiction over Plaintiff's state class action because:  "a) conducting [a] supplemental

jurisdiction analysis is premature and should be postponed to the class certification stage; and b)

Plaintiff's state law claims do not raise novel or complex issues of state law, do not substantially

predominate over federal claims, and there are no other sufficiently compelling reasons for

declining jurisdiction."  (Pl.'s Br. at 11).  Moreover, Plaintiff argues that "the recent trend within

[the District of New Jersey] has been to exercise supplemental jurisdiction over state law class

action claims in FLSA collective actions, or at least postpone such decisions as to the class

certification or summary judgment stage."  (Id.).

        Plaintiff's arguments are unpersuasive.  First, the Court is unaware of any legal rule that

precludes a district court from determining whether it may exercise supplemental jurisdiction

13

over a state law claim <u>when specifically asked to do so by a party moving to dismiss the</u>

<u>complaint</u>. <u>De Asencio</u> does not stand for the proposition that a district court <u>must</u> grant the

parties class discovery prior to determining whether to exercise supplemental jurisdiction

analysis under § 1367(c). Although the Court conducted its analysis of § 1367(c)(2) after class

discovery, the Court neither stated nor implied that a district court must conduct a § 1367(c)

analysis after class discovery. In fact, the Court left open the possibility that a district court

could determine whether to exercise supplemental jurisdiction of a state class action in an FLSA

collective action by conducting a § 1367(c)(4) analysis – an inquiry that may not require class

discovery. <u>De Asencio</u>, 342 F.3d at 309 n.2. Thus, Plaintiff's reliance upon <u>De Asencio</u> for the

proposition that a district court should conduct class discovery before conducting a § 1367(c)

supplemental jurisdiction analysis is misplaced.[5] Therefore, Plaintiff's first argument is

unavailing.

Second, because the Court determined that a "compelling reason" for declining to

exercise supplemental jurisdiction over a state class action is to avoid undermining a

Congressional policy, the Court need not determine whether Plaintiff's state law claims raise any

novel or complex issues of state law under § 1367(c)(1) or substantially predominate over

Plaintiff's FLSA claim under § 1367(c)(2).

Third, while sensitive to "recent trend[s] within this district," the Court's primary concern

is the appropriate application of 28 U.S.C. § 1367(c) in light of the Third Circuit's opinion in <u>De</u>

---

[5] In this case, the Complaint provides the information necessary for the Court to determine whether to exercise supplemental jurisdiction over Plaintiff's state class action. The allegations in the Complaint make clear that Plaintiff seeks to pursue an alternative mechanism under state law and Rule 23 for achieving what he cannot achieve under the FLSA collective action mechanism. Indeed, Plaintiff's brief correctly notes that "[t]he NJWHL is modeled on [the] FLSA and incorporates, both explicitly and through judicial interpretation, the FLSA's methods of proof and interpretation." (Pl.'s Br. at 14) (citing <u>Cannon v. Vineland Hous. Auth.</u>, 627 F. Supp. 2d 171, 176 n.4 (D.N.J. 2008)).

<u>Asencio</u>, and the policy underlying the PPA.  Therefore, the Court is not convinced that "recent trend[s]" in this district require it to exercise pendent jurisdiction over Plaintiff's state law claims.

Therefore, because exercising supplemental jurisdiction over Plaintiff's parallel state class-action claims would undermine the FLSA's opt-in mechanism for bringing collective action employee wage and hour disputes, the Court declines to exercise supplemental jurisdiction over Plaintiff's NJWPL and NJWHL claims.

## III.    CONCLUSION

 For the foregoing reasons, Plaintiff's NJWPL and NJWHL claims are dismissed.  An appropriate order shall issue.

Date:   7/21/2011                                                    /s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge